# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

TROY CHEW                                                                             PLAINTIFF

V.                                                           NO. 2:11CV196-P-A

BOBBY PHILLIPS, et al.                                         DEFENDANTS

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The plaintiff, an inmate housed at Tallahatchie County Correctional Facility, complains that he suffered a back injury from a fall while working in the prison kitchen. Specifically, the plaintiff states that on July 17, 2010, he slipped in a "puddle of debris" on the floor that should have been cleaned up before he started working. He further claims that the poorly trained staff and his inadequate boots also contributed to his fall. The plaintiff is seeking monetary damages for his back injury.

### Negligence

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States to succeed in an § 1983 claim, *i.e.* a violation of a right. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

It is well established that a mere claim of negligence on the part of the prison officials is not cognizable under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Hare v. City of Corinth, MS*, 74 F.3d 6333, 647-48 (5th Cir. 1996).

Despite the plaintiff's insistence, the Constitution has not been implicated by the facts of this case. According to his own complaint, the defendants were, at best, negligent for failing to remove the "puddle of debris." Additionally, the plaintiff may bear equal responsibility for assuming the risk by not being attentive to his movements. Nevertheless, it is clear from his complaint that the plaintiff's injury was the result of negligence rather than any deliberate indifference for his safety. If the Plaintiff has stated a claim at all, it would be based purely on state law and is not appropriate for Section 1983 relief. Consequently, the Plaintiff's complaint shall be dismissed.

**Medical Treatment**

To the extent the plaintiff's complaint might include a claim for denial of adequate medical treatment, it too is unavailing.

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662,

88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case and documentation attached to the complaint, it is clear that the plaintiff has not been denied medical care. Records show that he has been seen by medical staff and treated. Despite his allegations, the plaintiff cannot show that the defendants were deliberately indifferent to a substantial risk of serious harm. Although the plaintiff is may be dissatisfied with the treatment he received, the allegations in this case simply do not support a claim for 1983 relief. A1983 claim will not lie because the plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Therefore, the plaintiff's claim of denial of medical attention related to his back injury is plainly without merit and shall be summarily dismissed.

A final judgment shall issue in accordance with this opinion.

THIS the 14th day of October, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE